UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SCHULTZ,<br><br>                Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>                Defendants.<br>                                              / | CASE NO.   1:11-cv-00988-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF NO. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

## SCREENING ORDER

**I.     PROCEDURAL HISTORY**

Kenneth Schultz (Plaintiff), a state prisoner in Corcoran State Prison (CSP) where the events in issue occurred, is proceeding pro se and in forma pauperis in this June 15, 2011 civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1)

Plaintiff has consented to Magistrate Judge jurisdiction. (ECF No. 5.)

Plaintiff's Complaint is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III. SUMMARY OF COMPLAINT

Plaintiff claims that in January 2009 he began to experience progressively worsening, widespread pain which interfered with sleep. (Compl. p. 4, ECF No. 1.) A prison clinic blood test appeared normal. (Compl. at 4.) Subsequently, Plainitff asked Defendant Dr. Kim at the clinic for further tests and pain medication. Dr. Kim refused, saying he was tired of inmates self-diagnosing. He told Plaintiff to learn to live with the

pain. (Id. at 5.) Dr. Kim subjected Plaintiff to verbal abuse in apparent retaliation for Plaintiff's efforts to secure proper and adequate medical treatment. (Id. at 9.)

Plaintiff filed a prison grievance (CDCR Form 602), seeking investigation and medical treatment. (Id. at 5.)  He was not allowed to speak during the First Level appeal interview. (Id. at 6). His Third Level Appeal was denied. (Id. at 6, 48.)

He was later examined by prison doctor, Dr. Kazan, who diagnosed probable polymyalgia rheumatica (Id. at 6) for which Plaintiff is being treated. (Id. at 22.)

Plaintiff names Defendants the State of California Department of Corrections and Rehabilitation (CDCR) and J. Kim MD. (Id. at 1-2.)

Plaintiff seeks injunctive relief ordering  medical testing, treatment and medication, general and punitive damages, attorney's fees and costs. (Id. at 12.)

## IV. ANALYSIS

### A. Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must

set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

## B. Eleventh Amendment Immunity

Plaintiff alleges that Defendant California Department of Corrections and Rehabilitation ("CDCR") violated his constitutional rights.

However, the Eleventh Amendment prohibits suits against state agencies. See Natural Res. Def. Council v. California Dep't of Transp., 96 F.3d 420, 421 (9th Cir.1996); Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th 1991); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. Cir.1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir.1989). Defendant CDCR is a state agency, and as a state agency, it is entitled to Eleventh Amendment immunity from suit. Because this Defendant is immune from suit, Plaintiff cannot recover from it.

If Plaintiff chooses to file an amended complaint, he should omit CDCR as Defendant.

## C. Inadequate Medical Care

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1)

"'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir.1995); see also McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical

authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances ... and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Veld, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff alleges chronic severe pain and sleep loss. "Serious Medical needs" encompass conditions that are life-threatening or that carry risks of permanent serious impairment if left untreated, those that result in needless pain and suffering when treatment is withheld and those that have been diagnosed by a physician as mandating treatment." Scarver v. Litscher, 371 F.Supp.2d 986, 999 (W.D.Wis. 2005) (citing Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997)). See McGuckin, 974 F.2d at 1059–60 ("the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.") Plaintiff has alleged a serious medical need and thus satisfied the first element necessary to a deliberate indifference claim.

Plaintiff alleges that Dr. Kim was deliberately indifferent to Plaintiff's serious medical needs by refusing to order tests and provide treatment and medication. However, the information presented to the Court demonstrates that Dr. Kim saw plaintiff for a skin lesion and determined that Plaintiff's pain complaint did not require immediate treatment but

would be appropriately addressed on subsequent visits.[1] (Compl. at 49.) Disagreement with Dr. Kim's decision that the pain complaint was not urgent, even if that decision proved wrong or negligently rendered, is not sufficient to show deliberate indifference. There is no allegation of any fact to suggest that Dr. Kim was aware of any excessive risk of serious harm to Plaintiff and then intentionally ignored such risk. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

If Plaintiff chooses to amend he must set forth sufficient facts showing in addition to his demonstrated serious medical need, a deliberately indifferent response to that need on the part of Defendant.

### D. Inmate Appeals Process

Plaintiff complains that his prison appeal for Dr. Kim's actions was improperly denied and that he was not allowed to speak at his First Level appeal interview. A defendant's actions in responding to a prison appeal alone cannot give rise to a claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); accord Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

---

[1] Plaintiff subsequently saw Dr. Karan who diagnosed him with probable rheumatic disease and began treatment. (Compl. at 49.)

-7-

1988). "[The grievance procedure] does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.Supp. at 10; accord Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Thus, since he has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals, Plaintiff can not state a claim in this regard. Amendment of this claim would be futile. Leave to amend will not be granted.

**E.    Retaliation**

Plaintiff alleges that Dr. Kim subjected him to verbal abuse in apparent retaliation for Plaintiff's efforts to secure proper and adequate medical treatment.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Silva v. DiVittorio, 685 F.3d 1090, 1104 (9th Cir. 2011).

Plaintiff alleges verbal abuse in retaliation for his efforts to get health care. "Verbal harassment or abuse ... [alone] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Nor is de minimis harm alone sufficient to show "adverse action". Morris v. Powell, 449 F.3d 682, 684 (5th Cir. 2006). Plaintiff fails to satisfy the first element of retaliation.

The second and third elements of a prisoner retaliation claim focus on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); accord Hines v. Gomez, 108 F.3d 265, 267–68 (9th Cir. 1997); see also Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent.").

Plaintiff alleges Dr. Kim took the alleged adverse action because of Plaintiff's efforts to secure proper and adequate medical treatment. Since Plaintiff does not identify what "efforts" he undertook, the Court cannot determine if they involved protected activity. See Giba v. Cook, 232 F.Supp.2d 1171, 1187 (D.Or. 2002) (citing Hargis v. Foster, 282 F.3d 1154, 1157 (9th Cir. 2002)) ("A prisoner retains those First Amendment rights that are 'not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.'") Plaintiff fails to satisfy the second and third elements of retaliation.

With respect to the fourth element, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity ...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First

Amendment activities. Rhodes, 408 F.3d at 568–69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). It cannot be said that Plaintiff's First Amendment rights were chilled; Defendant Kim took no adverse action; and Plaintiff did file a grievance. Plaintiff has not satisfied the fourth element.

With respect to the fifth element, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). This is not a high burden. See Id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). There are no facts showing retaliatory conduct by Defendant Kim. There are no facts showing that Defendants acted in excess of legitimate penological goals. Plaintiff has not satisfied the fifth element of a retaliation claim.

Plaintiff has not alleged sufficient facts to satisfy the five elements of his retaliation claim.

### F.     Injunctive Relief

Plaintiff seeks injunctive relief for medical testing, treatment and medication. Plaintiff fails to satisfy the legal prerequisites for injunctive relief.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing to Munaf v. Geren, 553 U.S. 674, 689-90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. His Complaint fails to state any cognizable claim.

Nothing in the Complaint suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present, adverse effects."). Plaintiff apparently has been diagnosed and is being treated for his pain. The facts giving rise to his complaint - Defendant Kim's alleged acts/omissions - no longer exist. Plaintiff is being treated, apparently properly for a correctly diagnosed disease, by another physician.

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor. Second, while the public has an interest in seeing everyone, including Plaintiff, receive the best practical medical care, the Court cannot make a determination on the facts before it as to the best medical course for Plaintiff. Prison medical staff has made a diagnosis and determined a course of treatment for Plaintiff. The record before the Court does not justify the Court substituting its judgment for that of the medical staff.

The various criteria not having been met, including in particular the fact that the complained-of acts no longer continue, Plaintiff is not entitled to injunctive relief. The Court will not allow leave to amend. For the reasons discussed above, leave to amend would be futile.

### G. Mental and Emotional Damages

Plaintiff is advised The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." See Oliver v. Keller, 289 F.3d 623, 627-29 (9th Cir. 2002) (allegations of severe and lasting back and leg pain, a painful canker sore, and unspecified injuries sustained in a fight not more than de minimis). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630.

If Plaintiff chooses to amend and brings a claim for mental or emotional injury he should include sufficient facts complying with the physical injury requirement.

## V. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'"Id. at 1949

(quoting Twombly, 550 U.S. at 555.) Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint, filed June 15, 2011;

2. Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). <u>Silva v. Di Vittorio</u> 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   March 28, 2012          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE