# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SCHULTZ, | CASE NO. 1:11-cv-00988-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S ACTION FOR FAILURE TO STATE A CLAIM |
| v. | (ECF NO. 9) |
| STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | CLERK TO CLOSE CASE |
| | DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g) |
| Defendants. | |

## SECOND SCREENING ORDER

**I.     PROCEDURAL HISTORY**

Kenneth Schultz (Plaintiff), a state prisoner in Corcoran State Prison (CSP) where the events in issue occurred, is proceeding pro se and in forma pauperis in this civil rights action filed June 15, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.)

//////

-1-

The Court screened and dismissed Plaintiff's Complaint, but allowed leave to amend. (Order Dismiss Compl., ECF No. 8.) Plaintiff filed a First Amended Complaint (First Am. Compl., ECF No. 9) which is now before the Court for screening.

Plaintiff has consented to Magistrate Judge jurisdiction. (Consent, ECF No. 5.)

## II.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

/////
/////
/////
/////

### III.     SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff re-asserts claims for inadequate medical care under the Eighth Amendment and for violation of his due process rights under the Fourteenth Amendment.[1] He alleges:

In January 2009, Plaintiff began to experience progressively worsening, widespread pain which interfered with movement and sleep. (First Am. Compl. at 4.) He was given blood tests which came back normal. (Id.) He continued to visit the prison medical clinic with complaints of pain. (Id.)

He saw Defendant Kim, a doctor at the prison clinic, in July 2009 for a skin lesion and self-diagnosed "chronic sepsis" (Id. at 9, 14-16), told him of the extreme pain and requested medication and further medical testing. (Id. at 4.) Dr. Kim refused, saying he was tired of inmates self-diagnosing . He told Plaintiff to learn to live with the pain. (Id.)

Plaintiff saw Defendant Kim again in September 2009 on a follow-up for skin lesion surgery and again complained of widespread pain and requested medication. (Id. at 5.) Dr. Kim told him that visit was not for the purpose of making complaints and that he should "put in a sick call slip." (Id.)

He grieved Defendant Kim's "deliberate indifference" through the prison appeal process and requested to be seen by another doctor. (Id.).

Dr. Kazan later examined him at the prison clinic and diagnosed probable polymyalgia rheumatica for which Plaintiff is being treated. (Id..)

He names as Defendant Dr. J. Kim. (Id. at 2.)

He seeks $100,000 in general and punitive damages. (Id. at 3.)

---

[1] The First Amended Complaint omits previously named defendant State of California Department of Corrections and Rehabilitation and a previously alleged First Amendment retaliation claim.

## IV. ANALYSIS

### A. Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### B. Inadequate Medical Care

Plaintiff reiterates his claim that Defendant Kim was deliberately indifferent to his extreme pain by refusing to order tests and provide treatment and medication.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious

medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); see also McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

A difference of opinion between medical professionals concerning the appropriate

course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) ; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§] 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez, 891 F.2d at 242.

Here Plaintiff's medical condition is sufficiently serious to satisfy the first element of deliberate indifference.[2] However, Plaintiff again fails to allege facts that would enable the Court to find Defendant Kim was deliberately indifferent in his response to this serious medical need.

Defendant Kim, in his professional judgment, determined that Plaintiff's pain complaint did not require immediate treatment and could be appropriately addressed on subsequent visits.[3] (First Am. Compl. at 13-16.) Disagreement with Dr. Kim's decision that the pain complaint did not need urgent treatment, even if that decision proved wrong or

---

[2] See McGuckin, 974 F.2d at 1059–60 ("the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")

[3] Plaintiff saw Defendant Kim for a skin lesion and self-diagnosed "chronic sepsis". (First Am. Compl. at 9, 14-16.) Plaintiff subsequently saw Dr. Karan for his pain complaints, was diagnosed with probable rheumatic disease and began treatment. (First Am. Compl. at 5, 14-16.)

negligently rendered, is not sufficient to show deliberate indifference. The Eighth Amendment does not require that prisoners receive "unqualified access to health care." Hudson v. McMillian, 503 U.S. 1, 9 (1992). The allegations against Defendant Kim, taken as true on screening, amount to no more than dissatisfaction with his opinion, which may in fact have been negligently rendered, as to course of care and treatment. There are no facts alleged which could plausibly support a claim that Defendant Kim intentionally acted in a medically unacceptable manner.

Plaintiff has failed to successfully amend this claim notwithstanding having been given instructions as to how to do so and an opportunity to do so. No useful purpose would be served by giving those same instructions and that opportunity again. Further leave to amend would be futile and will not be granted.

**C.     Due Process**

Plaintiff alleges Defendant Kim has violated his due process rights, citing to the alleged deliberate indifference and his related prison appeals.

The deliberate indifference claim is properly analyzed under the Eighth Amendment rather than the Fourteenth Amendment. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims. Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996), overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian, 491 F.3d 1086 (9th Cir. 2007). Plaintiff may not state a Fourteenth Amendment claim for inadequate medical care.

Defendant's actions in responding to a prison appeal alone cannot give rise to a

claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); accord Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[The grievance procedure] does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F.Supp. at 10; accord Spencer v. Moore, 638 F.Supp. 315, 316 (E.D.Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Thus, since he has neither a liberty interest nor a substantive right to the procedures involved in inmate appeals, Plaintiff can not state a claim in this regard. Plaintiff was so advised in the initial screening order.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable § 1983 claim. Any further leave to amend would be futile for the reasons set out above and will not be granted.[4]

///////

---

[4] Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." However, leave to amend may be denied where the court determines that "the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (citing Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. This action shall be dismissed with prejudice for failure to state a claim,

2. Dismissal is subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g); Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011), and

3. The Clerk shall close the file in this case.

IT IS SO ORDERED.

Dated:   April 21, 2012                        /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE