IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SCHULTZ,<br><br>              Plaintiff,<br><br>       v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>              Defendants.<br>_____/ | CASE No. 1:11-cv-00988-MJS (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 19) |

Kenneth Schultz (Plaintiff), a state prisoner incarcerated at Corcoran State Prison (CSP) where the events in issue occurred, is proceeding pro se and in forma pauperis in this civil rights action filed June 15, 2011 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter proceeds on Plaintiff's First Amended Complaint claim of inadequate medical care against Defendant Kim. (ECF Nos. 9, 18.) Defendant Kim has not yet been served. Defendant Kim has not appeared in this action.

Pending before the Court is Plaintiff's Motion for Appointment of Legal Counsel filed March 13, 2013. (ECF No. 19.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court can not require an

-1-

1 attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United
2 States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).
3 However, in certain exceptional circumstances the Court may request the voluntary
4 assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

5    Without a reasonable method of securing and compensating counsel, the Court
6 will seek volunteer counsel only in the most serious and exceptional cases. In
7 determining whether "exceptional circumstances exist, the district court must evaluate
8 both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate
9 his or her claims pro se in light of the complexity of the legal issues involved." Id.
10 Neither of these factors is dispositive and both must be viewed together before
11 reaching a decision on request of counsel under section 1915(d)." Wilborn v.
12 Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970
13 (9th Cir. 2009).

14    The burden of demonstrating exceptional circumstances is on the Plaintiff. See
15 Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional
16 circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F.
17 App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances");
18 Simmons v. Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough,
19 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional
20 circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).")

21    In the present case, the Court does not find the required exceptional
22 circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that
23 he has made serious allegations which, if proved, would entitle him to relief, his case is
24 not exceptional. This Court is faced with similar cases almost daily. Further, Defendant
25 Kim has not yet filed a response. The Court can not make a determination at this early
26 stage of the litigation that Plaintiff is likely to succeed on the merits. The medical
27 indifference claim in issue does not appear to be novel or unduly complex. The facts
28 alleged to date appear straightforward and unlikely to involve extensive investigation

1 and discovery.

2  The papers filed by Plaintiff in this case reflect an appreciation of the legal issues
3 and standards and an ability to express same adequately in writing.

4  Finally, nothing suggests that Plaintiff has made diligent effort to secure
5 counsel.[1] Plaintiff's lack of funds alone does not necessarily mean efforts to secure
6 counsel would be futile.

7  For the foregoing reasons, Plaintiff's motion for appointment of counsel (ECF No.
8 19) is HEREBY DENIED, without prejudice.

15 IT IS SO ORDERED.

16 Dated:   March 18, 2013             /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. January 11, 2011) (cases cited).