# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SCHULTZ,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>    Defendants. | Case No. 1:11-cv-00988-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS DENYING DEFENDANT'S MOTION TO DISMISS CERTAIN CLAIMS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(ECF No. 30)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

Plaintiff Kenneth Schultz, a state prisoner incarcerated at Corcoran State Prison (CSP), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds against Defendant Kim M.D. on a claim of medical indifference.

Defendant has moved to dismiss as unexhausted all medical indifference claims "that do not relate to the alleged events of July 22, 2009" pursuant to the unenumerated provisions of Federal Rule of Civil Procedure 12(b) (ECF No. 30 at 1:22-23). Plaintiff filed opposition (ECF No. 31). Defendant filed a reply to the opposition (ECF No. 34). The motion is now submitted for ruling. Local Rule 230(*l*).

1

## I.   LEGAL STANDARD

### A.   Motion to Dismiss for Failure to Exhaust

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a). During the time relevant to this case, four levels of appeal existed: an informal level, a first formal level, a second formal level, and a third formal level, also known as the "Director's Level"; each successive appeal had to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c).[1] To properly exhaust administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather an affirmative defense. Defendants have the burden of proving plaintiff failed to exhaust the available administrative remedies before filing a complaint in the District Court. Jones, 549

---

[1] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendant's motion to dismiss.

U.S. at 216 (2007). A motion raising a prisoner's failure to exhaust the administrative remedies is properly asserted by way of an unenumerated motion under Fed. R. Civ. P 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998). In determining whether a case should be dismissed for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Wyatt, 315 F.3d at 1119–20. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

## II.  ARGUMENTS

### A.  Defendant's Position

According to Defendant, Plaintiff alleges medical indifference occurring on July 22, 2009, September 20, 2009, and November 23, 2009 (ECF No. 9 at 4-5), and that Plaintiff exhausted only the July 22nd claim (via Health Care Appeal No. COR-09-09-132391 filed on July 29, 2009). (ECF No. 30-1, 30-2.) Thus, Defendant, seeks dismissal of the arguably unexhausted claims relating to the September and November events.

### B.  Plaintiff's Position

Plaintiff argues his Health Care Appeal No. COR-09-09-132391 was denied at the third (Director's) level on December 17, 2010, exhausting PLRA remedies on all medical indifference claims alleged in this action. (ECF No. 31.)

## III.  ANALYSIS

### A.  Defendant's Motion Should be Denied

On review of the record, the undersigned finds that Plaintiff's medical indifference appeal related to pain that was ongoing and accumulating throughout the three dates at issue and that it was denied at the third level, thereby exhausting administrative remedies on all claims before the Court in this action.

Specifically, Plaintiff's pleading asserts Defendant was indifferent to Plaintiff's progressively worsening pain when Plaintiff seen on July 22, 2009, September 20, 2009,

1  and November 23, 2009. (ECF No. 9 at 4-5.) To have properly exhausted the medical
2  indifference claim, Plaintiff must have submitted an inmate appeal regarding this claim and
3  obtained a third level decision prior to June 15, 2011, the date he filed this action.
4  Woodford, 548 U.S. at 85–86 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th
5  Cir. 2002).

6  It is without dispute that on July 29, 2009 Plaintiff appealed Defendant's indifferent
7  response to his complaint of pain and received a denial of that appeal at the third
8  (Director's) level on December 17, 2010. That appeal filed on July 29, 2009 put prison
9  officials on notice of Defendant's alleged indifference to Plaintiff's pain complaint and
10 provided them an opportunity for administrative resolution. This satisfied the legislative
11 purpose behind PLRA exhaustion, namely to alert the prison to a problem and give it an
12 opportunity to resolve it; the appeal need not lay the groundwork for litigation. Griffin v.
13 Arpaio, 557 F.3d 1117, 1120, (9th Cir. 2009); see also Woodford, 548 U.S. at 88. In
14 California, inmates are required only to describe the problem and the action requested. Cal.
15 Code Regs. tit. 15 § 3084.2(a). This Plaintiff accomplished through the a third (Director's)
16 level denial.

17  Plaintiff needed to do no more. The July 29, 2009 Health Care Appeal remained
18 pending when Defendant continued what is claimed to have been his indifference to
19 ongoing pain September 20, 2009 and November 23, 2009.

20 An appeal need not lay out the facts, articulate legal theories, or demand particular
21 relief; all the appeal need do is object intelligibly to some asserted shortcoming. Strong v.
22 David, 297 F.3d 646, 650 (7th Cir. 2002). See Lewis v. Washington, 197 F.R.D. 611, 614
23 (N.D. Ill. 2000) (inmates not required to administratively exhaust each or every grievance
24 concerning specific conditions of which he complains).

25 For the reasons stated above, Defendant is not entitled to dismissal of the medical
26 indifference claim relating to events subsequent to July 22, 2009.

27 **IV.   CONCLUSIONS AND RECOMMENDATIONS**

28 The Eighth Amendment medical indifference claim on which Plaintiff is currently

proceeding was properly exhausted.

Accordingly, for the reasons stated above the undersigned RECOMMENDS that Defendant's motion to dismiss the medical indifference claim as to events subsequent to July 22, 2009 (ECF No. 30) should be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 29, 2013            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE