# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SCHULTZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-00988-LJO-MJS (PC)<br><br>**ORDER STRIKING SECOND AMENDED COMPLAINT AS UNAUTHORIZED**<br><br>**(ECF No. 42)** |

### I.　PROCEDURAL BACKGROUND

Plaintiff Kenneth Schultz, a state prisoner incarcerated at Corcoran State Prison (CSP), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on the First Amended Complaint claim of medical indifference against Defendant Kim M.D. The action is in the discovery phase.

On January 31, 2014, Plaintiff lodged with the Court a Second Amended Complaint, mistakenly stating thereon he did so pursuant to order of the Court. Tthe Second Amended Complaint is unauthorized and shall be stricken from the record for the reasons stated below.

### II.　LEGAL STANDARD

A party may amend his pleading, after a responsive pleading is served, only by leave of the court, or by written consent of the adverse party, and leave shall be freely

1

given when justice so requires. Fed. R. Civ. P. 15(a); <u>Amerisource Bergen Corp. v. Dialysis West, Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006), quoting Fed. R. Civ. P. 15(a).

"In determining whether to grant leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. <u>Bolbol v. City of Daly City</u>, 754 F.Supp.2d 1095, 1119 (N.D. Cal. 2010), <u>citing</u> <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2004). Prejudice to the opposing party carries the greatest weight, and absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend. <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).

A motion to amend must satisfy the terms of the court's scheduling order. <u>NAS Electronics, Inc., v. Transtech Electronics PTE Ltd.</u>, 262 F.Supp.2d 134, 150 (S.D.N.Y. 2003). Any modification of the scheduling order requires good cause and the judge's consent. Fed. R. Civ. P. 16(b)(4); <u>Johnson v. Mammoth Recreation, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992) (requiring a showing of good cause under Rule 16 to amend complaint beyond scheduling order deadline).

"The good cause standard 'primarily considers the diligence of the party seeking the amendment' . . . 'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.' " <u>C.F. v. Capistrano Unified School Dist.</u>, 656 F.Supp.2d 1190, 1194 (C.D. Cal. 2009). "[I]n determining good cause [under Rule 16 the court] considers four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.' " (<u>Id.</u> at 1196.)

### III. **DISCUSSION**

The Second Amended Complaint is unauthorized. It was filed after Defendant responded to the First Amended Complaint, without the consent of Defendant and without leave of the Court. Contrary to Plaintiff's assertion, the Court did not order Plaintiff to file a second amended complaint. (Perhaps Plaintiff read the Court's inclusion in the Discovery

1 and Scheduling Order of a deadline to amend pleadings (ECF No. 26) as authorization or
2 direction to file an amended pleading, but it is not.)
3    If Plaintiff desires to file an amended pleading, he must do so consistent with the
4 standards above and either upon consent of Defendant or motion to the Court.

**IV.    ORDER**

Accordingly, and for the reasons stated, it is HEREBY ORDERED that the Second Amended Complaint lodged on January 31, 2014 (ECF No. 42) is stricken from the record.

IT IS SO ORDERED.

Dated:   February 16, 2014          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE