# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SCHULTZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILTATION, et al.,<br><br>Defendants. | Case No. 1:11-cv-00988-LJO-MJS (PC)<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR DISCOVERY SUBPOENA AND APPOINTMENT OF COUNSEL, and (2) GRANTING PLAINTIFF THIRTY DAYS TO MAKE REQUISITE SHOWING REGARDING DEPOSITION SUBPOENA**<br><br>**(ECF No. 44)** |

Plaintiff Kenneth Schultz, a state prisoner incarcerated at Corcoran State Prison (CSP), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on a claim of medical indifference against Defendant Kim M.D.

## I.     PROCEDURAL BACKGROUND

Plaintiff seeks discovery from an alleged percipient witness, Ms. Lawrence, who he asserts was a CSP medical staff member at times relevant to his case.. Defendant objected to Plaintiff's August 6, 2013 Request for Production of Documents and Witness Acknowledgement of Statements on grounds it was not directed to a proper responding party. Plaintiff did not move to compel a further response.

1

1  Defendant objected to Plaintiff's February 7, 2014 Request for Witness Deposition
2  on Written Interrogatories on the above ground and because there is no authority for such
3  discovery. Plaintiff did not move to compel a further response.

4  Before the Court is Plaintiff's motion seeking (1) a deposition subpoena to compel
5  Ms. Lawrence to respond to written interrogatories, and (2) appointment of counsel.
6  Defendant filed opposition. Plaintiff replied to the opposition.

7  The deadline to complete discovery was April 1, 2014.

## II.  DISCUSSION

### A.  Discovery Subpoena

Subject to certain requirements, a pro se plaintiff proceeding in forma pauperis is entitled to issuance of a subpoena to depose a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal. 28 U.S.C. § 1915(d). However, the Court will consider granting such a request only if the information sought is not equally available to the plaintiff and is not obtainable from the defendant by deposition by written questions. Fed. R. Civ. P. 31.   Here Plaintiff seeks testimony of a percipient witness who allegedly participated in the administrative appeal which underlies Plaintiff's claim. As noted, Plaintiff requested this discovery from Defendant who objected apparently in part on the ground that the discovery request must be directed to the non-party witness, Ms. Lawrence, rather than to Defendant Kim. Defendant argues, correctly, that the Rules do not require him to take the deposition of Ms. Lawrence or to schedule it for Plaintiff.

There are procedures for a party to depose a witness via written questions. Such a deposition must be conducted in compliance with Rule 31 of the Federal Rules of Civil Procedure. Among other things, unless the parties stipulate otherwise, the party noticing the deposition is required to provide the questions to an "officer," as that term is defined in Rule 28(a), who will take the deponent's responses to the questions, certify them, and send them to the noticing party. Fed. R. Civ. P. 31(b); Fed. R. Civ. P. 30(b)(5).

There also are procedures for a party to depose a witness via oral questions at deposition and for compelling the witness to attend by subpoena. Fed. R. Civ. P. 30(a)(1);

Fed. R. Civ. P. 45.

The Court will direct the Clerk's Office to send Plaintiff a copy of Rules 30, 31 and 45. If, after reviewing the Rules, Plaintiff believes he is able to locate and depose Ms. Lawrence in compliance with the Rules, Plaintiff shall notify the Court within thirty days and make a showing, under penalty of perjury, that he is able and willing to retain and compensate an officer to take written or oral responses and prepare the record. Fed. R. Civ. P. 31(b). At that juncture, the Court will determine if action is appropriate to facilitate the deposition and modify scheduled deadlines.

### B.  Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." *Id.* Neither of these factors is dispositive and both must be viewed together before reaching a decision on request for counsel under section 1915(d). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. See *Palmer*, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, *Alvarez v. Jacquez*, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); *Simmons v.*

3

*Hambly,* 14 F.App'x. 918, 919 (9th Cir. 2001) (same); *Davis v. Yarborough*, 459 F.App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).").

Plaintiff maintains he "has made several missteps and feels he is not appropriately representing his side of the case to the Court." (ECF No. 44 at 3:15-16.) However, there are not exceptional circumstances supporting appointment of counsel. A determination cannot be made at this stage of the litigation that Plaintiff is likely to succeed on the merits. His sole claim in issue, medical indifference, does not appear to be novel or unduly complex. The facts alleged to date appear straightforward.

Even assuming that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.

The papers filed by Plaintiff in this case reflect an appreciation of the legal issues and standards and an ability to express same adequately in writing. The Court is not presently able to find that he cannot adequately articulate his claim.

Finally, Plaintiff makes no showing that he has exhausted diligent efforts to secure counsel.[1]

**III.   ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a copy of Rules 30, 31 and 45 of the Federal Rules of Civil Procedure,
2. Plaintiff's motion filed March 28, 2014 requesting subpoena for deposition on written questions (ECF No. 44) is DENIED without prejudice,
3. Plaintiff's motion filed March 28, 2014 requesting appointment of counsel (ECF No. 44) is DENIED without prejudice, and
4. Plaintiff has thirty (30) days from the date of service of this Order within which

---

[1] See e.g., *Thornton v. Schwarzenegger*, 2011 WL 90320, *3-4 (S.D. Cal. January 11, 2011) (cases cited).

to make the requisite showing regarding his ability to locate and depose Ms. Lawrence by written or oral questions.

IT IS SO ORDERED.

Dated:   June 2, 2014                              /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE