# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SCHULTZ,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILTATION, et al.,<br><br>Defendants. | Case No. 1:11-cv-00988-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR DISCOVERY SUBPOENA**<br><br>**(ECF No. 54)** |

Plaintiff Kenneth Schultz, a state prisoner incarcerated at Corcoran State Prison ("CSP"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on a claim of medical indifference against Defendant Kim, M.D.

On June 4, 2014, the Court denied Plaintiff's motion for a subpoena to depose alleged percipient witness, Ms. Lawrence, who had been a CSP medical staff member at times relevant to Plaintiff's claims. Plaintiff was, however, given leave to make a further showing in support of his ability to locate Ms. Lawrence and to retain and compensate a deposition officer to take written or oral responses and prepare the record.

Before the Court is Plaintiff's July 11, 2014 statement in support of subpoena to

depose Ms. Lawrence.

Plaintiff asserts that on June 10th and June 20th he submitted requests to prison staff seeking the full name and employee number of Ms. Lawrence and that he has not yet received any response. This alone is not sufficient to show Plaintiff has information that would enable the Marshal to serve Ms. Lawrence with a subpoena.

Plaintiff asserts he has $34.85 in his prison trust account and is willing to make payments through his trust account to retain and compensate a deposition officer. See Fed. R. Civ. P. 30; Fed. R. Civ. P. 31. This does not show Plaintiff can retain and compensate a deposition officer. He apparently has not located an individual willing and able to serve as a Rule 28(a) deposition officer and be compensated from periodic prison trust account payments. He also has failed to show an ability to pay attendance and mileage fees to a Rule 45 non-party witness. Plaintiff's in forma pauperis status does not entitle him to services such as scheduling, conducting and recording the deposition.

Plaintiff offers to submit his written deposition questions to the Defendant. Plaintiff was previously advised such non-party discovery may not be directed to Defendant. (See ECF No. 48.)

Accordingly, for the reasons stated, Plaintiff's July 11, 2014 statement in support of discovery subpoena is deficient. His request for a subpoena to depose Ms. Lawrence (ECF No. 54) is DENIED without prejudice on the same grounds as previously stated.

IT IS SO ORDERED.

Dated:   July 21, 2014                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

2