# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH SCHULTZ,<br><br>          Plaintiff,<br><br>     v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>          Defendant(s). | CASE No. 1:11-cv-00988-LJO-MJS (PC)<br><br>**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO STAY ACTION DUE TO MILITARY DUTY**<br><br>**(ECF No. 59)** |

**I.     PROCEDURAL BACKGROUND**

Plaintiff Kenneth Schultz, a state prisoner incarcerated at Corcoran State Prison ("CSP"), is proceeding pro se and in forma pauperis in this civil rights action filed June 15, 2011 pursuant to 42 U.S.C. § 1983. This matter proceeds on a claim of medical indifference against Defendant Kim, M.D.

Before the Court is Defendant's motion to stay the action on grounds he is on active military duty, deployed overseas and unable to participate in his defense. Plaintiff filed opposition to the motion. Defendant replied to the opposition. The matter is deemed submitted for ruling. Local Rule 230(*l*).

1

## II. DISCUSSION

The Service Members Civil Relief Act, 50 App. U.S.C. §§ 501 to 596, known until 2003 as the Soldiers' and Sailors' Civil Relief Act, 50 App. U.S.C. § 501, provides for the suspension of legal proceedings involving persons in military service when necessary to avoid prejudice to their civil rights. 50 App. U.S.C. § 502. Specifically, the Act allows for a stay of any civil action in which a service member is a party if certain conditions are met. To satisfy the conditions under which a stay may be granted, an application for stay must include the following:

> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
>
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemembers' current military duty prevents appearance and that military leave is not authorized for the service member at the time of the letter.

50 App. U.S.C. § 522(b)(2).

It appears that courts have not just the right, but an obligation to protect the civil rights of those service members whose rights might otherwise be prejudiced as a result of their military service. See *Jamaica Savings Bank v. Bryan*, 25 N.Y.S.2d 17, 19-20 (1941) (where a soldier or sailor in the service of the United States would be handicapped by reason of such military, the court is required to protect the interests of such soldier or sailor so as to prevent prejudice to his rights by reason of such service). However, it also appears that the service member has an obligation to demonstrate for the court the manner in which his military duty affects his ability to appear in a civil proceeding, and for how long, and to otherwise satisfy the Court that his rights will be prejudiced in the absence of a stay.

Here, Defendant Kim has not made a sufficient showing to warrant a stay under the Service Members Civil Relief Act. In support of the motion, counsel for Defendant Kim submitted only a copy of Kim's mobilization orders and defense counsel's

representation that Kim's active duty, which will last at least a year, makes it impossible for him to participate in the action. Plaintiff disputes the contention that Defendant's military service leaves him unable to participate in the action.

Even if the moving papers had included the missing facts described above, they do not state when Defendant will be available to appear or include the requisite confirmation from an appropriate military official.

**III.   CONCLUSION AND ORDER**

In the absence of the showing required by the Service Members Civil Relief Act, the Court DENIES Defendant's motion for stay (ECF No. 59), without prejudice to refiling the same with the appropriate evidentiary showing.

IT IS SO ORDERED.

Dated:   August 21, 2014              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

.