UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KENNETH SCHULTZ, | Case No. 1: 11-cv-00988-LJO-MJS (PC) |
|---|---|
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO: |
| v. | 1) DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 51.) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | 2) DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 71.) |
| Defendants. | 3) GRANT PLAINTIFF'S MOTION FOR CORRECTION (ECF No. 77.) |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1 & 6.)  The action proceeds against Defendant Kim on Plaintiff's Eighth Amendment inadequate medical care claim.  (ECF Nos. 9 & 22.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On September 14, 2015, the Magistrate Judge issued Findings and Recommendations to deny Plaintiff's motion for summary judgment (ECF No. 51.), deny Defendant's motion for summary judgment (ECF No. 71.), and grant Plaintiff's motion

for correction (ECF No. 77.).  On September 17, 2015, Defendant filed objections to the Findings and Recommendations.  (ECF No. 80.)  Plaintiff filed objections and a response to Defendant's objections.  (ECF Nos. 81, 82, 83.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Defendant contends that although the Magistrate Judge accurately laid out the case law for a medical indifference claim, the Judge failed to properly analyze the undisputed facts under that authority.  Defendant disputes the finding that Plaintiff's medical records contradict Dr. Barnett's declaration, that he failed to provide treatment for Plaintiff's chronic fatigue syndrome and depression, that he acted with medical indifference by not prescribing Plaintiff any pain medication, and that any factual disputes exist foreclosing a ruling on qualified immunity.

In response, Plaintiff contends that Defendant never told him to diet and exercise in order to treat his chronic fatigue syndrome and depression; Plaintiff has always been underweight and could not exercise at the time.

The Court has reviewed the parties' cross-motions for summary judgment and will address Defendant's objections in turn.

Dr. Barnett opined that Dr. Kim's advice to Plaintiff on July 22, 2009 to "live with the pain" was reasonable given Plaintiff "was jogging daily." (ECF No. 71-3 at 6.)  The Magistrate Judge's finding that during that time, Plaintiff complained of having difficulty walking and not being able to jog is supported by the record.  Plaintiff's medical records indicate that: on July 12, 2009 Plaintiff complained it was "often hard to pick things up off the floor or just to walk" (ECF No. 51 at 38.); on August 2, 2009, Plaintiff complained "muscle pain getting worse. Getting hard to walk now."  (ECF No. 51 at 42.); and on August 4. 2009, Plaintiff reported "I can't jog anymore."  (ECF No. 51 at 43.)  Plaintiff's

report several months later that he was able to jog if he took ibuprofen does not change the contradiction in Dr. Barnett's declaration about Plaintiff's ability to jog daily when Dr. Kim saw him in July 2009.

Defendant argues he treated Plaintiff by recommending that he diet and exercise. Defendant's progress notes lists "diet, exercise" under the section for "education provided." (ECF No. 71-3 at 23.) It does not state whether this was the treatment available and/or provided for Plaintiff's pain nor does Dr. Kim's declaration shed light on the treatment available and provided to Plaintiff. (ECF No. 71-2 at 1-3.) In his opposition, Plaintiff avers that Defendant never told him to diet and exercise, that he was already underweight, and his medical records indicate he was unable to exercise at the time. These factual disputes support the Magistrate Judge's finding that the record was not clear on what treatment was available and provided to Plaintiff.

The Magistrate Judge did not recommend that Defendant's motion be denied because he did not provide Plaintiff with a pain medication other than Naproxen. The Magistrate Judge simply noted another ambiguity in the record regarding Defendant's argument that Plaintiff was already taking Naproxen for his pain.

Because of the above factual disputes and ambiguities in the record, the Magistrate Judge correctly recommended that Defendant is not entitled to summary judgment on qualified immunity grounds

In Plaintiff's objections, he essentially rehashes his arguments raised in his motion for summary judgment. He argues that his administrative appeal and medical records clearly demonstrate that Defendant acted with deliberate indifference. Plaintiff's objections also do not raise an issue of law or fact under the Findings and Recommendations.

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts the Findings and Recommendations (ECF No. 79.) filed on September 14, 2015 in full;

2. Plaintiff's motion for summary judgment (ECF No. 51.) is DENIED;

3. Defendant's motion for summary judgment (ECF No. 71.) is DENIED; and

4. Plaintiff's motion for correction (ECF No. 77.) is GRANTED.

IT IS SO ORDERED.

Dated:   **November 17, 2015**               /s/ Lawrence J. O'Neill
                                                       UNITED STATES DISTRICT JUDGE